The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on the following questions concerning voting procedures of nonprofit corporations:
 1. Assuming, for a board of directors election, a nonprofit corporation's articles of incorporation and bylaws are absent any language concerning the use of proxy votes and do not require voting in person by its members, and validly prepared and delivered proxy votes are submitted in such an election in accordance with these sections, does § 4-28-224's usage of the term `entitled' make acceptance of the proxy votes mandatory?
 2. What remedy would corporate members seek to force acceptance of their proxy votes, and in what tribunal, pursuant to § 4-28-224(e)?
It is my opinion that the answer to your first question is found in A.C.A. § 4-28-212 (Supp. 1989), which states under subsection (c) that:
 [i]n all matters as may be subject to the vote of the members, a member may vote in person or by proxy, unless the articles of incorporation or bylaws require such votes to be cast in person at a meeting of the membership held for such purposes.
Assuming, therefore, that the articles of incorporation do not provide otherwise, it appears that acceptance of proxy votes would, as a general matter, be mandatory under § 4-28-212 (Supp. 1989).[1] Section 4-28-224 authorizes acceptance of a proxy's vote. See also A.C.A. § 4-28-212(c)(4) (Supp. 1989) (a nonprofit corporation is "entitled to accept the proxy's vote or other action as that of the member making the appointment"). If the corporation acts in good faith in either accepting or rejecting a vote in accordance with the standards set out in §4-28-224, it is not liable for damages. A.C.A. § 14-28-224(d) (Supp. 1989). There are instances, therefore, in which a proxy's vote may be rejected. The use of the term "entitled" should not, however, in my opinion be construed to infer that the corporation has the discretion to decide whether to accept a valid proxy vote.
It must be initially noted in response to your second question that is not clear under the scenario presented in your request whether the proxy votes are to be presumed rejected under §4-28-224. Subsection (e) of § 4-28-224 (Supp. 1989) states that "[c]orporate action based on the acceptance or rejection of a vote, consent, waiver, or proxy appointment under this section
is valid unless a court of competent jurisdiction determines otherwise." (Emphasis added). We are therefore uncertain whether § 4-28-224(e) is properly referenced in this instance.
In any event, with regard to possible remedies to force acceptance of proxy votes where there appears to be no basis for rejection, an action in chancery court for a declaration of the right to vote by proxy may offer a means of obtaining relief.See A.C.A. § 16-11-101 et seq. (declaratory judgments). Other alternatives may be available, however, depending upon the particular facts. This office cannot offer specific advice in this regard. Corporate members seeking to force acceptance of their votes should consult private counsel in order to explore all possible avenues of relief.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The corporation is entitled to reject a vote, consent, waiver, or proxy appointment "if the secretary or other officer or agent authorized to tabulate votes, acting in good faith, has reasonable basis for doubt about the validity of the signature on it or about the signatory's authority to sign for the member." A.C.A. § 4-28-224(c) (Supp. 1989).